THEODORE J. KURTZ
Nevada Bar No. 1344
SELMAN BREITMAN LLP
3980 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Telephone: (702) 228-7717
Facsimile: (702) 228-8824
E-Mail: tkurtz@selmanbreitman.com

Attorneys for Defendant
SENTRY INSURANCE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FORUM DEVELOPERS LIMITED PARTNERSHIP, a Nevada limited partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>SENTRY INSURANCE, a Wisconsin mutual insurance company,<br><br>    Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Defendant SENTRY INSURANCE (hereinafter "Sentry") hereby removes to this court the state court action described below, and in support states as follows:

1. On August 30, 2010, an action was commenced in the Clark County District Court of the State of Nevada, entitled *Forum Developers Limited Partnership, a Nevada limited partnership, plaintiff v. Sentry Insurance, a Wisconsin mutual insurance company, defendant* (Case No. A10-623573-C). A copy of


this complaint is attached as Exhibit A.

2.   The complaint was served on Sentry by the Nevada Commissioner of Insurance on August 31, 2010.  (A copy of the Summons, Proof of Service on Sentry and the accompanying cover letter from the Commissioner of Insurance are all attached as Exhibit B.)

3.   This notice is thus filed timely pursuant to 28 U.S.C. §1446(b), as the 30 day deadline for removal falls on Thursday, September 30, 2010.

4.   No further proceedings have been had in this matter in the District Court for Clark County, Nevada.

5.   This action is a civil action of which this court has original jurisdiction under 28 U.S.C. §1332, as there is complete diversity between the legitimate parties and there is more than $75,000 in controversy, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §1441, Sentry is entitled to remove this action to this court.

6.   The damages alleged by plaintiff exceeds $75,000, exclusive of interest and costs.

7.   Plaintiff FORUM DEVELOPERS LIMITED PARTNERSHIP is a Nevada limited partnership and was at the time this action was commenced, considered to be a citizen of the State of Nevada (Complaint ¶1.)  Defendant Sentry is and was at the time this action was commenced, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin.  Accordingly, there is now, and there was at the time of the commencement of this action, complete diversity between plaintiff and defendant.

8.   The action in the state court was not commenced more than one year before the date of this removal.

9.   A true and correct copy of defendant's Notice of Removal is being filed this date with the Clerk for the District Court, Clark County, Nevada.

10.  Defendant Sentry reserves the right to amend or supplement this Notice of Removal of Action.

Based on the foregoing, defendant Sentry removes this action, which is currently pending in the Nevada District Court, in and for the County of Clark, as Case No. A10-623573-C, to this court.

DATED: September 29, 2010       SELMAN BREITMAN LLP

By: _____
THEODORE J. KURTZ
Nevada Bar No. 1344
3980 Howard Hughes Pkwy., #400
Las Vegas, NV 89169
Telephone:   (702) 228-7717
Facsimile:   (702) 228-8824
Attorneys for Defendant
SENTRY INSURANCE

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of SELMAN BREITMAN LLP and, pursuant to Local Rule 5.1, I deposited for first class United States mailing, postage prepaid, at Las Vegas, Nevada a true and correct copy of the above and foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)**, this 29 day of September 2010, addressed as follows:

Kevin R. Stolworthy             Attorneys for plaintiff
Gordon H. Warren
Jones Vargas
3773 Howard Hughes Parkway, 3rd Floor South
Las Vegas, NV 89169

_____
BONNIE KERKHOFF JUAREZ
An Employee of SELMAN BREITMAN LLP

# EXHIBIT A



Electronically Filed
08/20/2010 10:25:44 AM

CLERK OF THE COURT

1  **COMP**
   KEVIN R. STOLWORTHY, ESQ.
2  Nevada Bar No. 2798
   GORDON H. WARREN, ESQ.
3  Nevada Bar No. 2999
   JONES VARGAS
4  3773 Howard Hughes Parkway
   Third Floor South
5  Las Vegas, Nevada 89169
   Telephone: (702) 862-3300
6  Facsimile: (702) 737-7705
   krs@jonesvargas.com;
7  ghw@jonesvargas.com
   ATTORNEYS FOR FORUM
8  DEVELOPERS LIMITED PARTNERSHIP



## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| FORUM DEVELOPERS LIMITED PARTNERSHIP, a Nevada limited partnership,<br><br>Plaintiff,<br>vs.<br><br>SENTRY INSURANCE, a Wisconsin mutual insurance company,<br><br>Defendant. | Case No. A-10-623573-C<br><br>Dept.  XIX<br><br>**COMPLAINT** |

FORUM DEVELOPERS LIMITED PARTNERSHIP, by and through its attorneys, Jones Vargas, alleges the following facts, claims, and causes of action against Sentry Insurance as follows:

### THE PARTIES

1.  Plaintiff Forum Developers Limited Partnership ("Forum") is, and at all relevant times was, a Nevada limited partnership licensed to do business in Clark County, Nevada. Forum is the owner of Forum Shops, LLC, which owns and operates the property commonly known as The Forum Shops at Caesar (the "Forum Shops").

. . .

2. Plaintiff is informed and believes, and therefore alleges, that Sentry Insurance ("Sentry") is, and was at all relevant times, a Wisconsin mutual insurance company.

## FACTS COMMON TO ALL CLAIMS

3. On or about April 2, 2007, Forum filed a Complaint in the Eighth Judicial District Court, Case No. A524280 (the "Forum Action"), wherein Forum sued Neotek, Inc. ("Neotek") and other parties for certain defects in the provision of electrical work and materials for improvement of the property related to the Phase III expansion of The Forum Shops at Caesar (the "Project") located in Las Vegas, Nevada, which resulted, among other damages, in loss of use and/or enjoyment of the Project.

4. Neotek manufactured and provided a cold cathode lighting system that Forum alleged was incomplete, defective, and non-conforming to the demanded specifications.

5. The Complaint alleged that, as a proximate result of Neotek's breach of implied and express warranties, Forum incurred damages in excess of $10,000 arising in part from loss of use and/or enjoyment of the lighting system.

6. On or about September 7, 2007, Forum filed an Amended Complaint against Neotek that stated the same claims.

7. Neotek tendered to Sentry the defense of the Forum Action.

8. On or about October 24, 2007, Sentry refused to defend Neotek and found no coverage "as the complaint is currently pled" because the "only actual damage claimed by the Plaintiffs [*sic*] is for the costs associated with the repair and/or replacement of the subject lighting system (or components thereof) that were installed at the Forum property."

9. Sentry's allegation was incorrect because Forum had alleged loss of use and/or enjoyment of the Project and, specifically, loss of use and/or enjoyment of the lighting system. Subsequently, Forum also alleged loss of use of the fountain in a supplemental response, which was served on Neotek, to an interrogatory from Dynalectric Company of Nevada, the plaintiff in the underlying case.

10. On or about July 23, 2008, Forum filed a Second Amended Complaint in the Forum Action against Neotek stating claims for breach of contract and the implied covenant of

good faith and fair dealing, breach of implied and express warranties, contribution, and equitable indemnity and alleging loss of use and/or enjoyment of the lighting system and property.

11. On or about October 14, 2009, in a supplemental response to Neotek's first interrogatory request to identify damages attributable to Neotek, Forum stated that it had incurred $202,160 for loss-of-use damages arising from the fountain being out of service for seven days. Those damages did not include loss of use and/or enjoyment of the lighting system.

12. On or about November 18, 2009, Forum filed a Third Amended Complaint in the Forum Action that stated the same claims against Neotek as were alleged in the Second Amended Complaint.

13. Section I, Coverage A.1.B, of Sentry policy number 44-23008-07 (the "Policy") provides that the insurance applies to "property damage" that is caused by an occurrence in the coverage territory and that occurs during the policy period.

14. Section V.15.B. of the Policy defines property damages as "loss of use of tangible property that is not physically injured."

15. Forum's claims for damages against Neotek included damages for loss of use of the lighting system and loss of use of the fountain, which was not physically injured but could not be used while efforts were being made to repair and/or replace the lighting system components that were in the ceiling above the fountain.

16. Neotek was clearly entitled to a defense by Sentry but was denied.

17. Pursuant to a settlement agreement signed by several parties, including Forum and Neotek, on December 21 and 23, 2009, Neotek agreed to pay a sum certain to Forum and also assigned to Forum "any and all claims, rights, demands, costs, expenses, attorney's fees and causes of action of any kind whatsoever, including without limitation claims for breach of contract, bad faith, and punitive damages that Neotek has or may have against any and all insurers, including, without limitation, Sentry Insurance under policy number 44-23008, for failure to pay defense costs as incurred pursuant to its duty to defend" Neotek in the Forum Action.

. . .

18. Neotek incurred defense costs, expenses, and attorneys' fees in the Forum Action in the amount of $62,133.93.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

19. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

20. On or about September 10, 2006, Sentry issued the Policy to Neotek and agreed to abide by its terms, covenants, and conditions.

21. Forum is informed and believes, and therefore alleges that Neotek, through its attorneys, tendered defense of the Forum Action to Sentry and requested indemnification.

22. Forum is informed and believes, and therefore alleges, that Neotek duly performed all terms, covenants, and conditions required to be performed pursuant to the Policy.

23. Sentry failed and refused to provide a defense and breached its agreement with Neotek by failing and refusing to provide a defense of the claims in the Forum Action.

24. As a direct and proximate result of Sentry's breach, Neotek incurred damages in an amount in excess of $10,000 resulting from incurring costs and attorneys' fees to defend itself in the Forum Action.

25. Forum has been required to retain legal counsel to prosecute this action and is therefore entitled to recover its reasonable attorney fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Contract Damages)

26. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

27. On or about September 10, 2006, Sentry issued the Policy to Neotek and agreed to abide by its terms, covenants, and conditions.

28. In every contract there is an implied covenant of good faith and fair dealing.

29. Forum is informed and believes, and therefore alleges, that Sentry violated the implied covenant of good faith and fair dealing by impairing the right of Neotek to receive the

Page 4

benefit of the Policy by, including but not limited to, failing to defend Neotek against Forum's claims in the Forum Action and thereby compelling Neotek to settle the claims against it by paying a sum of money to Forum and assigning its claims against Sentry for its failure to defend Neotek against Forum's lawsuit.

30. As a direct and proximate result of Sentry's breach of the implied covenant, Neotek incurred damages in an amount in excess of $10,000 resulting from incurring costs and attorneys' fees to defend itself in the Forum Action.

31. Forum has been required to retain legal counsel to prosecute this action and is therefore entitled to recover its reasonable attorney fees and costs incurred herein.

### THIRD CLAIM FOR RELIEF

**(Declaratory Relief)**

32. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

33. A justiciable controversy exists between Plaintiff and Sentry pursuant to the Uniform Declaratory Judgment Act, N.R.S. 30.010, *et seq.* Such a controversy exists where a claim of right is asserted against one who has an interest in contesting it.

34. Plaintiff's interest is clearly adverse to Sentry's interest in enforcement of the Policy's terms and conditions.

35. Plaintiff has a legally protected interest in this controversy as the assignee of Neotek's claims against Sentry.

36. This controversy is ripe for judicial determination.

37. Plaintiff is therefore entitled to a declaratory judgment that:

    a. Plaintiff has a valid assignment of Neotek's claims that Neotek has or may have against Sentry Insurance under the Policy;

    b. Neotek was entitled to be defended by Sentry under the Policy and is entitled to damages; and

38. Forum has been required to retain legal counsel to prosecute this action and is therefore entitled to recover its reasonable attorney fees and costs incurred herein.

**WHEREFORE**, Plaintiff demands that judgment be entered on its Complaint as follows:

1. For a declaratory judgment declaring that:

    a. Plaintiff has a valid assignment of claims that Neotek has or may have against Sentry Insurance under the Policy;

    b. Neotek was entitled to be defended by Sentry under the Policy; and

2. That this Court enter judgment for damages against Defendant on one or more causes of action in an amount to be proved at trial, plus interest accruing at the maximum legal rate until paid in full.

3. For costs of suit and reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 19th day of August, 2010.

JONES VARGAS

By /s/ Kevin R. Stolworthy
KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
GORDON H. WARREN, ESQ.
Nevada Bar No. 2999
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169

ATTORNEYS FOR PLAINTIFF

018876-00010/845656.doc

# EXHIBIT B

SUMM

# District Court
## CLARK COUNTY, NEVADA


RECEIVED
AUG 3 0 2010
DIVISION OF INSURANCE
STATE OF NEVADA

FORUM DEVELOPERS LIMITED PARTNERSHIP, a Nevada limited partnership,

Plaintiff,

vs.

SENTRY INSURANCE, a Wisconsin mutual insurance company,

Defendant.

CASE NO: A-10-623573-C

DEPT NO: XIX

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### SENTRY INSURANCE A MUTUAL COMPANY

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

/s/ Kevin R. Stolworthy
KEVIN R. STOLWORTHY, ESQ.
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
702-862-3300
Attorneys for Plaintiff

CLERK OF THE COURT
STEVEN D. GRIERSON

By /s/ Josefina San Juan        JOSEFINA SAN JUAN        AUG 3 0 2010
DEPUTY CLERK                                              Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Note: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).



| | |
|---|---|
| **TO:** | Sandy Pett<br>Sentry Insurance<br>1800 North Point Drive<br>Stevens Point, WI 54481 |

**Service of Process Transmittal**
09/02/2010
CT Log Number 517219968

**RE:** **Process Served in Nevada**

**FOR:** Sentry Insurance A Mutual Company (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Forum Developers Limited Partnership, etc., Pltf. vs. Sentry Insurance, etc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter(s), Poof of Service, Summons, Affidavit of Service Form, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A-10-623573 |
| **NATURE OF ACTION:** | Breach of Contract - Defendant's failure and refusal to provide a defense of the claims in the forum action |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/02/2010 postmarked on 08/31/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kevin R. Stolworthy, Esq.<br>Jones Vargas<br>3773 Howard Hughes Parkway<br>Third Floor South<br>Las Vegas, NV 89169<br>702-862-3300 |
| **REMARKS:** | Please note that documents were served on Department of Business and Industry, Nevada on August 31, 2010 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/02/2010, Expected Purge Date: 09/07/2010<br>Image SOP<br>Email Notification, Sandy Pett sandy.pett@sentry.com<br>Email Notification, Michelle Gear michelle.gear@sentry.com |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 311 South Division Street<br>Carson City, NV 89703 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / VD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | | |
|---|---|---|
| JIM GIBBONS<br>*Governor*<br><br>DIANNE CORNWALL<br>*Director* | STATE OF NEVADA<br> | BRETT J. BARRATT<br>*Commissioner of Insurance* |

### DEPARTMENT OF BUSINESS AND INDUSTRY
### DIVISION OF INSURANCE

August 31, 2010

2501 E. Sahara Avenue, No. 302
Las Vegas, Nevada  89104
(702) 486-4009  •  Fax (702) 486-4007
E-mail: insinfo@doi.nv.gov

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
# 7009 2250 0000 2397 1322

SENTRY INSURANCE A MUTUAL COMPANY
C/O CORPORATION TRUST COMPANY OF NEVADA
311 WEST THIRD STREET
CARSON CITY, NV  89703

Re:   Case No.      **A10623573**
        Case Name:  **Forum Devs. LP v. Sentry Ins.**

Dear Agent:

The enclosed Summons and Complaint in the matter referenced above, were delivered to the office of the Commissioner of Insurance, on August 30, 2010, in accordance with NRS 680A.260. To complete service of process, we are forthwith mailing by certified mail one of the copies of such process to you, the person designated by the insurer to receive such.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated August 31, 2010, and a copy of our letter to Plaintiff's counsel, dated August 31, 2010.

You have 30 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

(NSPO Rev. 8-10)                                                                                                   L 235

# PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon defendant **SENTRY INSURANCE A MUTUAL COMPANY** in the within entitled matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail, return receipt requested, to the following:

> C/O CORPORATION TRUST COMPANY OF NEVADA
> 311 WEST THIRD STREET
> CARSON CITY, NV 89703

I declare, under penalty of perjury, that the foregoing is true and correct.

**DATED** this 31$^{\text{rs}}$ day of August, 2010.

*[signature]*
MARILYN BRASFIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name: <u>Forum Devs. LP v. Sentry Ins.</u>
Case No. A10623573
Certified Receipt No. 7009 2250 0000 2397 1322

State of Nevada, Division of Insurance
This document on which this certificate is stamped is a full, true and correct copy of the original.

Date: 08-31-10   By: *[signature]*

-1-